**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No.: 8:25-cr-106-VMC-AAS**

**RAYQUAN RAINEY**
_______________________________________ /

**DEFENDANT'S NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The Defendant, Rayquan Rainey, through undersigned counsel, hereby files this Notice of Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

**Counts One and Five – Possession of a Firearm or Ammunition by a Convicted Felon - 18 U.S.C. §§ 922(g)(1)**

The essential elements of one and five are as follows:

1. The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce;

2. Before possessing the firearm or ammunition, the defendant had been convicted of a felony (a crime punishable by imprisonment for more than one year);

3. Before possessing the firearm or ammunition, the defendant knew that he had been convicted of a felony.

**Count Two – Conspiracy to Possess with Intent to Distribute Controlled Substances - 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)-(C)**

The essential elements of Count Two are as follows:

1. Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute, or possess with intent to distribute, a controlled substance, including cocaine and 40 grams or more of fentanyl;

2. The defendant knew the unlawful purpose of the plan and willfully joined in it;

3. The object of the unlawful plan was to distribute, or possess with intent to distribute, a controlled substance, including cocaine and 40 grams or more of fentanyl.

**Count Three – Possession with Intent to Distribute Controlled Substances - 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)-(C), 18 U.S.C. § 2**

The essential elements of Count Three are as follows:

1. The defendant knowingly and intentionally possessed a controlled substance, including cocaine and 40 grams or more of fentanyl;

2. The defendant possessed the controlled substance with the intent to distribute it or actually distributed it.

**Count Four – Possession of a Firearm in Furtherance of a Drug Trafficking Crime - 18 U.S.C. §§ 924(c)(1)(A)(i)**

The essential elements of Count Four are as follows:

1. The defendant knowingly possessed a firearm;
2. The defendant possessed the firearm in furtherance of a drug trafficking crime, specifically the drug trafficking offenses alleged in Counts Two and Three.

**PENALTIES**

The penalty for each of the offenses charged in Counts One and Five is a maximum sentence of fifteen years' imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

The penalty for each of the offenses charged in Counts Two and Three is a mandatory minimum term of five years' imprisonment and a maximum term of forty years' imprisonment, a fine of $5,000,000, a term of supervised release of at least four years, and a special assessment of $100.

The penalty for the offense charged in Count Four is a mandatory minimum term of five years' imprisonment and a maximum term of life imprisonment. The term of imprisonment imposed for Count Four must run consecutively to any other term of imprisonment.

Count Four also carries a fine of up to $250,000, a term of supervised release of not more than five years, and a special assessment of $100.

The Superseding Indictment also contains forfeiture allegations pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), including the Glock model 30 .45 caliber pistol and ammunition contained therein and the Smith & Wesson model SD40 VE .40 caliber pistol and ammunition contained therein.

**FACTUAL BASIS**

On or about June 23, 2024, in the Middle District of Florida, Mr. Rainey knowingly possessed Seller and Bellott (S&B) .45 caliber ammunition. The ammunition was manufactured outside the state of Florida thereby affecting interstate or foreign commerce. Before possessing that ammunition, Mr. Rainey had been convicted of a felony offense punishable by imprisonment for more than one year, and he knew that he had been convicted of such an offense.

On July 25, 2024, Mr. Rainey and Javarious Brinson were together in a white Acura within the Middle District of Florida. Law enforcement located narcotics inside the Acura. Laboratory testing confirmed two bags of fentanyl weighing 69.36 grams and 108.31 grams, respectively, and two

bags of cocaine weighing 26 grams and 30 grams, respectively. Further investigation established that Mr. Rainey and Mr. Brinson knew each other and agreed to possess the cocaine and fentanyl with the intent to distribute them. Mr. Rainey knowingly and intentionally possessed cocaine and more than 40 grams of fentanyl with the intent to distribute those substances.

Law enforcement also located a Glock model 30 .45 caliber pistol on the driver's floorboard of the Acura. Mr. Rainey's DNA was found on the Glock. Mr. Rainey knowingly possessed the Glock in furtherance of the drug trafficking offenses described above. The Glock and the ammunition contained within it were manufactured outside the State of Florida, thereby affecting interstate commerce. Before possessing the Glock and ammunition, Mr. Rainey had been convicted of a felony offense punishable by imprisonment for more than one year, and he knew that he had been convicted of such an offense.

DATED this 17th day of August 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire, Esq.
Assistant Federal Defender

Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Brooke M. Padgett, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire, Esq.
Assistant Federal Defender