UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-106-VMC-AAS

RAYQUAN RAINEY

**NOTICE OF MAXIMUM PENALTIES,**
**ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of Count One and Count Five, a violation of 18 U.S.C. § 922(g), Possession of a Firearm or Ammunition by a Convicted Felon, are:

First: The Defendant knowingly possessed a firearm and ammunition in or affecting interstate commerce; and,

Second: Before possessing the firearm and ammunition, the Defendant knew he had been convicted of a felony—a crime punishable by imprisonment for more than one year.

The essential elements of Count Two, a violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Controlled Substances, are:

First: Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute a controlled substance (fentanyl and cocaine);

Second: The defendant knew the unlawful purpose of the plan and willfully joined in it;

Third: The object of the unlawful plan was to distribute, or possess with intent to distribute a controlled substance (fentanyl and cocaine).

The essential elements of Count Three, a violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(B), 841 (b)(1)(C), Possession with Intent to Distribute a Controlled Substance, are:

First: The defendant knowingly and intentionally possessed a controlled substance as charged; and

Second: The defendant possessed the controlled substance with the intent to distribute it or actually distributed it.

The essential elements of Count Four, a violation of 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of Drug Trafficking Crime, are:

First: The defendant knowingly possessed a firearm;

Second: The defendant possessed the firearm in furtherance of a "drug trafficking crime."

PENALTY

The penalty for the offense charged in Count One and Count Five is punishable by up to 15 years imprisonment, no more than three years' supervised release, a $250,000.000 fine, and a special assessment of $100.00.

The penalty for the offense charged in Count Two and Three of the Indictment is punishable by a mandatory minimum term of imprisonment of 5 years up to 40 years, a fine of $5,000,000.00, a term of supervised release of at least 4 years, and a special assessment of $100. Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a

mandatory minimum sentence on Counts Two and Three because the following facts have been admitted by the defendant and are established by this plea of guilty:

The Defendant distributed, and conspired to distribute, fentanyl, and the violation involved 40 grams or more of fentanyl, specifically approximately 177 grams of fentanyl.

The penalty for the offense charged in Count Four is punishable by a minimum mandatory term of 5 years' imprisonment up to lifetime imprisonment, consecutive to and in addition to the punishment provided for the underlying drug trafficking crime. Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to the mandatory minimum 5 years' imprisonment and a maximum of lifetime imprisonment as to Count Four because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant, on the occasion listed in Count Four, possessed a firearm in furtherance of a drug trafficking crime, as alleged in Counts Two and Three of the Superseding Indictment. Specifically, the defendant possessed a Glock 30 firearm in furtherance of his drug trafficking.

Additionally, the defendant must forfeit property, pursuant to 21 US.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as outlined in the Indictment. Among the items that will be forfeited are the following: Glock model 30 .45 caliber pistol (serial number SHZ041) and ammunition contained therein and a Smith & Wesson model SD40 VE .40 caliber pistol (serial number HFE6229) and

ammunition contained therein, and approximately $1,350.47 seized from the defendant on July 25, 2024, which the defendant admits is proceeds of the offense charged in Count Two.

FACTUAL BASIS

On July 25, 2024, a person later identified as Rayquan Rainey was driving a white Acura in the area of 13th Avenue South and 28th Street South, within the Middle District of Florida. A person later identified as Javarious Brinson was in the passenger seat of the white Acura. Law enforcement with St. Petersburg Police Department attempted to pull over Rainey for a traffic violation and Rainey refused to pull over. A chase with Rainey fleeing at a high rate of speed ensued and eventually Rainey crashed the car. Both Rainey and Brinson fled the area, but only Rainey was apprehended by law enforcement. A search incident to arrest yielded $1,350.47 in US currency on Rainey's person.

Law enforcement searched the vehicle and located various narcotics. There was a red shirt on the passenger side floorboard with a vacuum sealed bag containing suspected narcotics. Laboratory testing later confirmed that one sealed bag contained two bags of fentanyl, weighing 69.36 grams and 108.31 grams. Laboratory testing confirmed that the other sealed bag contained two bags of cocaine, weighing 26 grams and 30 grams. A black Smith and Wesson handgun was located between the driver's seat and the center console. A second handgun, a Glock 30, was located on the driver's floorboard within a soft black holster. The Glock 30 was previously reported stolen.

Brinson's DNA was present on the Glock as well as the Smith & Wesson firearm. Rainey's DNA was found on Glock and Rainey was not a contributor to the DNA found on the Smith & Wesson firearm. Both firearms and ammunition contained within were manufactured outside the state of Florida. Rainey and Brinson are convicted felons.

Further investigation by law enforcement established that Rainey and Brinson knew each other and agreed to accomplish the shared and unlawful plan of possessing narcotics with the intent to distribute them. Both Rainey and Brinson knowingly and intentionally possessed cocaine and fentanyl with the intent to distribute it. Both Rainey and Brinson knowingly possessed a firearm and possessed that firearm in furtherance of a drug trafficking crime.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *_/s/Brooke M. Padgett*
Brooke M. Padgett
Assistant United States Attorney
Florida Bar No. 88762
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: brooke.padgett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Maguire, Esq.

*/s/ Brooke M. Padgett*
Brooke M. Padgett
Assistant United States Attorney
Florida Bar No. 88762
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: brooke.padgett@usdoj.gov