UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-106-VMC-AAS

RAYQUAN RAINEY

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(b)(2), the United States of America moves for a preliminary order of forfeiture for the following assets:

a. a Smith & Wesson model SD40 VE .40 caliber pistol (serial number HFE6229) and ammunition contained therein; and

b. a Glock model 30 .45 caliber pistol (serial number SHZ041) and ammunition contained herein.

In support of its motion, the United States submits the following.

## MEMORANDUM OF LAW

## I. Statement of Facts

### A. Allegations Against the Defendant

1. In pertinent part, the defendant was charged in a Superseding Indictment with possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. §922(g) (Counts One and Five), conspiracy to possess with intent to distribute controlled substances, in

violation of 21 U.S.C. § 846 (Count Two), and possession with intent to distribute a

controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Three). Doc. 96.

2. The forfeiture allegations of the Superseding Indictment notified the defendant that, under the provisions of 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, the United States intended to forfeit any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation. *Id.* at 4-5.

**B. Findings of Guilt**

3. On August 17, 2026, without the benefit of a plea agreement, the defendant pleaded guilty to Counts One through Five of the Superseding Indictment. Docs. 116, 119. The Court accepted his plea and adjudicated him guilty. Doc. 122.

4. The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 114), describes the conduct underlying the charges in the Superseding Indictment and provides support for the forfeiture of the assets described above.

## II. Applicable Law

**A. Forfeiture Statute**

Pursuant to 18 U.S.C. § 924(d), the United States is authorized to forfeit "any firearm or ammunition involved in or used in any knowing violation" of 18 U.S.C. §§ 922 and/or 924. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to

forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

Criminal forfeiture in this case is also authorized by 21 U.S.C. § 853(a), which provides that, upon convictions for a violation of subchapter I of Title 21, a defendant must forfeit any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. *See* 21 U.S.C. § 853(a)(1)-(2).

### B. Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offenses of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Counts One through Five are sufficient to establish the nexus between the assets and the offenses of conviction.

## III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Fed. R. Crim. P.

32.2(b)(2), the Court forfeit to the United States the assets identified above, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney