UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-106-VMC-AAS

RAYQUAN RAINEY

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America files this sentencing memorandum requesting a guidelines sentence, followed by a consecutive 5 years, followed by 3 years of supervised release as to Counts One and Five and 4 years of supervised release as to Counts Two, Three, and Four for Rayquan Rainey.

## I. FACTUAL BACKGROUND

On July 25, 2024, a person later identified as Rayquan Rainey was driving a white Acura in the area of 13th Avenue South and 28th Street South, within the Middle District of Florida. A person later identified as Javarious Brinson was in the passenger seat of the white Acura. Law enforcement with St. Petersburg Police Department attempted to pull over Rainey for a traffic violation and Rainey refused to pull over. A chase with Rainey fleeing at a high rate of speed ensued and eventually Rainey crashed the car. Both Rainey and Brinson fled the area, but only Rainey was apprehended by law enforcement. A search incident to arrest yielded $1,350.47 in US currency on Rainey's person.

Law enforcement searched the vehicle and located various narcotics. There was a red shirt on the passenger side floorboard with a vacuum sealed bag containing

suspected narcotics. Laboratory testing later confirmed that one sealed bag contained two bags of fentanyl, weighing 69.36 grams and 108.31 grams. Laboratory testing confirmed that the other sealed bag contained two bags of cocaine, weighing 26 grams and 30 grams. A black Smith and Wesson handgun was located between the driver's seat and the center console. A second handgun, a Glock 30, was located on the driver's floorboard within a soft black holster. The Glock 30 was previously reported stolen.

Brinson's DNA was present on the Glock as well as the Smith & Wesson firearm. Rainey's DNA was found on Glock and Rainey was not a contributor to the DNA found on the Smith & Wesson firearm. Both firearms and ammunition contained within were manufactured outside the state of Florida. Rainey and Brinson are convicted felons.

Further investigation by law enforcement established that Rainey and Brinson knew each other and agreed to accomplish the shared and unlawful plan of possessing narcotics with the intent to distribute them. Both Rainey and Brinson knowingly and intentionally possessed cocaine and fentanyl with the intent to distribute it. Both Rainey and Brinson knowingly possessed a firearm and possessed that firearm in furtherance of a drug trafficking crime.

## II. PROCEDURAL BACKGROUND

On March 3, 2025, a grand jury returned an Indictment charging Rainey with Counts One through Five. Doc. 1. On May 28, 2026, a grand jury returned a superseding Indictment, where the charges remained the same for Rainey. Doc 96

On August 17, 2026, Rainey pled guilty. Doc. 116. The Court accepted Rainey's plea and adjudicated him guilty on August 18, 2026. Doc. 122.

## III. PRESENTENCE INVESTIGATION REPORT

On November 12, 2026, Probation issued its revised Presentence Investigation Report ("PSR"). Probation calculated the defendant's total offense level as 25 with a criminal history category of IV. PSR, ¶ 90. The applicable guideline range is 84 to 105 months, followed by a consecutive 60 months. *Id*. Court also may impose a term of supervised release of no more than three years as to Counts One and Five, at least four years as to Counts Two and Three, and no more than five years as to Count Four. ¶ 92.

## IV. UNITED STATES' SENTENCING RECOMMENDATION

The United States submits that a guidelines sentence, followed by a consecutive 5 years, followed by 3 years of supervised release as to Counts One and Five and 4 years of supervised release as to Counts Two, Three, and Four for Rayquan Rainey. is sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2). This sentence reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, and will adequately deter future criminal conduct.

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id*. (citing *Gall v. United States*, 552 U.S. 38, 57

(2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

The defendant is a 29 year-old male who has consistent contact with law enforcement and/or been incarcerated and has been charged as an adult since the age of 17. PSR, ¶ 44-52.

At the age of 17, the defendant was charged as an adult with grand theft motor vehicle, resisting without violence, leaving the scene of a crash with property damage, and no valid driver's license. He was initially sentenced to 24 months of probation, but later violated his probation and was sentenced to 365 days in jail on August 12, 2016. The defendant also had several misdemeanor charges in 2015, such as possession of marijuana, no motor vehicle registration, and no valid driver's license.

On October 30, 2017, the defendant pled guilty to fleeing or eluding, reckless driving, and no valid driver's license on October 30, 2017 and was sentenced to 90 days jail.

On October 11, 2019, the defendant pled guilty to possession of fentanyl and operating a motor vehicle without a driver's license causing death or serious bodily injury and was sentenced to 50 days jail.

On March 9, 2020, the defendant was arrested for a felon in possession of ammunition charge in the Middle District of Florida. On December 11, 2020, the defendant was sentenced to 24 months of imprisonment followed by 3 years of

supervised release. The defendant committed these offenses while on supervised release, and is still pending his final revocation hearing on December 18, 2026.

The defendant's priors, combined with his conduct in the current case, show an inability to follow and comply with the law and his continued involvement with narcotics and firearms. The most concerning aspect is that the defendant was on supervised release for a prior firearms charge and violated with conduct involving the illegal possession of a firearm and narcotics. A significant sentence, in accordance with the guidelines, must be imposed to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, and adequately deter future criminal conduct.

## V. CONCLUSION

For the aforementioned reasons, the United States respectfully submits that a guidelines sentence, followed by a consecutive 5 years, followed by 3 years of supervised release as to Counts One and Five and 4 years of supervised release as to Counts Two, Three, and Four is reasonable, fair, and reflects the directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Brooke M. Padgett
Brooke M. Padgett
Assistant United States Attorney
Florida Bar No. 88762
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: brooke.padgett@usdoj.gov

**U.S. v. Rayquan Rainey** **Case No: 8:25-cr-106-VMC-AAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan Maguire, Esq.

/s/ Brooke M. Padgett
Brooke M. Padgett
Assistant United States Attorney
Florida Bar No. 88762
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: brooke.padgett@usdoj.gov